**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**RUFUS POINDEXTER,
ADC # 140873**                                                                                              **PLAINTIFF**

V.                          CASE NO. 5:16-CV-244-KGB-BD

**ANDREWS, et al.**                                                                                       **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker.  Parties may file written objections to this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  To be considered, objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.  By not objecting, parties may waive any right to appeal questions of fact.

**II.**     **Discussion**

    A.     Background

Rufus Poindexter, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983.  (Docket entry #2)  In his Complaint, Mr. Poindexter alleges the Defendants failed to protect him from being stabbed on September 23, 2014.

The Defendants[1] have moved to dismiss Mr. Poindexter's complaint based on his failure to exhaust his administrative remedies before filing this lawsuit. (#8) In response, Mr. Poindexter admits that he failed to exhaust administrative remedies, but blames this failure on his medical condition. (#19, p. 2)

B.   Exhaustion

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss all claims that were not fully exhausted before suit was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). Neither the inmate's subjective beliefs about the effectiveness of the grievance process nor his confusion about the process can excuse the exhaustion requirement. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

---

[1] Warden Andrews, Lieutenant Eason, and Sergeant Gibson have moved for dismissal. Captain Demery, previously misidentified as "Captain Denver," has not yet been served. The exhaustion requirement at issue here applies equally to Captain Demery, even though he is not a party to the motion to dismiss.

2

"[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; see also *Woodford*, 548 U.S. at 91. Therefore, to satisfy the PLRA's exhaustion requirement, a prisoner must fully comply with the specific procedural requirements of the prison or jail where he is held. *Id.*

The Court is thoroughly familiar with the ADC's grievance procedure. "In order to fully exhaust an ADC grievance, an inmate must timely file an informal resolution, a formal grievance, and a grievance appeal to the unit warden, as well as [to] the ADC Assistant or Deputy Director." *Bridgeman v. Neldon*, Case No. 1:14cv11, 2015 WL 2374159 (E.D. Ark. May 18, 2015).

Here, Mr. Poindexter alleges that his injuries prevented him from filing grievances. (#2, pp. 3-5; #19, p. 2) At least three circuit courts of appeal have recognized an exception to the grievance filing deadlines if an inmate is physically or mentally incapacitated and unable to timely file a grievance. See *Days v. Johnson*, 322 F.3d 863, 868 (5th Cir. 2003) (administrative remedies "unavailable" when an inmate's untimely filing of a grievance is due to a physical injury and the prison rejects the inmate's subsequent attempt to exhaust based on the untimely filing of the grievance) (overruled on other grounds); *Braswell v. Corrections Corp. of America*, 419 Fed.Appx. 622, 626 (6th Cir. 2011)(fact question whether grievance procedure was "available" to seriously injured inmate)(unpublished); *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011) (a

remedy is not "available" within the meaning of the PLRA when a person is physically unable to pursue it).

The Court of Appeals for the Eighth Circuit has yet to recognize such an exception. See *Hahn v. Armstrong*, 407 Fed.Appx. 77, 79 (8th Cir. 2011) ("this court has not recognized exceptions to the PLRA's exhaustion requirement for delay due to medical treatment"). But even if there were such an exception, it would not apply here.

Mr. Poindexter was not physically or mentally incapacitated for the entire time allowed under the ADC's rules for filing a grievance. According to documents attached to his complaint, Mr. Poindexter was limited to no yard call, work, or sports for seven days after he was stabbed.[2] (#2, p. 9) He had fifteen days to file an informal grievance, so even after his medically imposed restrictions, he had time to file a grievance.

In fact, Mr. Poindexter has never filed a grievance. If he had attempted to file an untimely grievance after he was physically able, under his version of the incapacitating nature of his injury, and if the ADC had rejected it as untimely, he would have an argument that the administrative procedure was not available to him. But here, Mr. Poindexter does not allege that he ever attempted to file a grievance at any time, so a physical or mental incapacity exception would not save his complaint in any event. Even

---

[2] Even during the initial seven days, Mr. Poindexter was not confined to bed rest or restricted in the use of either arm or hand, so it is not clear that he was unable to file a grievance during that time. The Court will assume, for purposes of this motion, however, that either the injury or effects of pain medication rendered Mr. Poindexter unable to file a grievance for seven days after he was stabbed. (#2, p. 9)

in circuits where the incapacity exception has been recognized, inmates are excused from the timeliness requirement of a grievance procedure, but not from the requirement that inmates file a grievance upon sufficiently recovering from the disabling condition.

## III.     Conclusion

Defendants' motion to dismiss should be GRANTED.  (#8)  The case should be dismissed, without prejudice, based on Mr. Poindexter's failure to exhaust administrative remedies.

DATED this 21st day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE